IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ANGIE EICHHOLZ, Individually and as Personal Representative of the Estate of Mark Clifford Eichholz, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 06-0408-CV-W-DW |
| AMERICAN FAMILY MUTUAL INSURANCE, COMPANY, et al., | ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

Pending before the Court is Plaintiff's Motion to Remand (Doc. 8). For the following reasons, the motion is granted.

This is an action originally filed in the Circuit Court of Jackson County at Independence by Angie E. Eichholz against American Family Insurance ("American Family"), a Wisconsin corporation, Greg Bridges and Richard Hougland, Missouri residents. The action arises out of the handling of a claim under an automobile liability insurance policy issued by American Family to Mark Clifford Eichholz, deceased, concerning a motor vehicle accident. Defendants removed the action to federal court invoking diversity jurisdiction.

From a plain reading of the petition, removal jurisdiction does not exist because Houghland and Bridges are citizens of Missouri and "a defendant may not remove to federal court on the basis of diversity if any of the defendants is a citizen of the state where the action was filed." Hurt v. Dow Chem. Co., 963 F.2d 1142, 1145 (8th Cir. 1992) But, where the plaintiff has joined a defendant that defeats diversity jurisdiction, the other defendant may avoid remand by demonstrating that the

joinder was fraudulent. BP Chem. Ltd v. Jiangsu Sopo Corp., 285 F.3d 677, 685 (8th Cir. 2002).

The removing party bears the burden of establishing fraudulent joinder. In re Bus. Men's Assurance Co., 992 F.2d 181, 183 (8th Cir. 1993). A defendant seeking to remove on the basis of fraudulent joinder must prove that the forum state's law leaves no possible room for any claim pleaded against the defendant. Filla v. Norfolk Southern Ry. Co., 336 F.3d 806, 810-11 (8th Cir. 2003). If a Missouri court "might arguably impose liability on the resident defendant under the facts alleged," the district court must remand the claim. Manning v. Wal-Mart Stores East, Inc., 304 F. Supp. 2d 1146, 1149 (E.D. Mo. 2004); cf. Wiles v. Capitol Indemnity Corp., 280 F.3d 868, 871 (8th Cir. 2002) ("[J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants."). Additionally, a claim is colorable even if the court is unable to locate state authority specifically authorizing a cause of action under the circumstances in that case. Filla, 336 F.3d at 810. When faced with ambiguous questions of state law, the better practice is for the court to remand the case leaving the question of state law for the state courts to decide. Id. at 811.

Plaintiff's Petition states six claims[1]: 1) Bad faith; 2) Negligent/Reckless Claims Handling; 3) Breach of Fiduciary Duties; 4) Breach of Contract; 5) Negligent Misrepresentation; and 6) Fraudulent Misrepresentation. Claims 1-6 are brought against Defendants American Family and Bridges, a claims adjuster for American Family. Claims 1-5 are brought against Defendant Houghland, a claims manager for American Family.

The Petition alleges that Mark Eichholz was insured by American Family under an automobile policy providing bodily injury coverage of $50,000 per person. While covered under

---

[1] Count III - Punitive Damages is not a separate claim.

said policy, Mark Eichholz was involved in an automobile accident. As a result of the accident, Mark Eichholz died and the driver of the other vehicle, Allen Spratley, was seriously injured. According to Plaintiff, American Family undertook to represent Mark Eichholz in regard to the accident and had exclusive control to adjust and handle any claims. The Petition alleges Spratley made an offer to settle within the policy limits that American Family either ignored or refused. Plaintiff further alleges that Defendants made no efforts to negotiate or settle the claim after expiration of the initial settlement offer. Ultimately, the claim was tried to a jury that found Spratley's damages totaled $900,000 dollars.

Plaintiff alleges that Defendants intentionally or recklessly caused financial damage to Mark Eichholz by failing to accept an offer to settle for the policy limits of the liability coverage and otherwise negotiate and settle the claim. The Petition specifically alleges that Houghland and Bridges failed to inform Plaintiff of the settlement offers within the policy limits and that this conduct was in their own self-interest to receive better performance ratings and bonuses; violated American Family's written policies and procedures; and violated state regulations requiring them to act in good faith.

To resolve whether any of Plaintiff's claims are colorable, the Court must determine whether Houghland and Bridges, as employees of an insurer, might be held personally liable to an insured under Missouri law. As discussed herein, Missouri law does not definitively resolve this inquiry.

First, Defendants argue that a bad faith claim cannot be brought against an employee of an insurer in Missouri. Defendants concede that an insurer has a duty to the insured and can be found liable to an insured under "bad faith" claim. See State Farm Fire & Cas. Co. v. Metcalf, 861 S.W.2d 751 (Mo. App. 1993) (bad faith refusal to settle). A claim for bad faith refusal to settle requires:

3

(1) the liability insurer has assumed control over negotiation, settlement, and legal proceedings brought against the insured; (2) the insured has demanded that the insurer settle the claim brought against the insured; (3) the insurer refuses to settle the claim within the liability limits of the policy; and (4) in so refusing, the insurer acts in bad faith, rather than negligently. Id at 756. Defendants argue that employees are not subject to personal liability because the elements of the bad faith refusal to settle tort address only "insurers." Defendants, however, have cited no Missouri case expressly limiting liability in this manner.

Defendants have identified other jurisdictions specifically precluding a "bad faith" claim against an insurer's employee. E.g., Nunn v. St. Paul Travelers, 2006 WL 827403 (D. Colo.). Although this case offers no binding guidance as to how Missouri courts would address this question, the discussion therein does raise a reasonable basis for finding a valid claim under Missouri law. In Nunn, the district court relied on a Colorado Supreme Court case to find that "in the typical insurance case, only the insurer owes the duty of good faith to its insured." 2006 WL 827403, at *1. The Nunn court, however, recognized that exceptions to the general rule exist. Although ultimately determining that they were not relevant to the case before it, the court specifically identified concerns related to whether the non-diverse defendant had control over the relevant policy determinations and whether the non-diverse defendant had financial incentives to act contrary to the interests of the insured. Id. at *2.

The Nunn case illustrates that under certain circumstances courts will find that individual employees of an insurer have a duty to an insured and therefore can be found personally liability for breach of that duty. Here, as Plaintiff has pleaded facts applicable to these concerns, a Missouri court may rely on them to support a claim against an insurer's employee. Neither the parties or the

4

Court have located a Missouri case precluding this outcome.

As to Plaintiff's remaining tort claims, neither party has cited a Missouri case specifically addressing the liability of an employee of an insurer to the insured for negligence or misrepresentation. Defendants rely on the Missouri Supreme Court decision in <u>State ex rel. William Ranni Assoc., Inc. v. Hartenbach</u>, holding that insurance agents and employees are not personally liable to insured for breach of duties to their principal unless they commit "separate tortious acts." 742 S.W.2d 134 (Mo. 1987). Subsequent Missouri decisions have clarified that <u>Ranni</u> does not require separate conduct but directs that "a mere failure to perform a contract cannot serve as the basis of tort liability unless the breach is also an independent tort." <u>Haughland v. Parsons</u>, 863 S.W.2d 609 (Mo. App. 1992); <u>see</u> <u>also</u> <u>General Elec. Capital Corp. v. Rauch</u>, 970 S.W.2d 348 (Mo. App. 1998). Therefore, under <u>Ranni</u>, Plaintiff need not plead separate tortious conduct, but must plead that the conduct amounting to a breach of the Houghland and Bridges' duties to American Family is also the breach of a duty to Plaintiff.

Although not directly on point to the instant case, Missouri courts have found that under certain circumstances insurance agents and brokers have an independent duty to an insured and may be held personally liable for tortious conduct including misrepresentation, negligence in failing to obtain coverage, and negligence in failing to exercising reasonable care in advising customers about the terms of coverage. <u>See</u>, <u>e.g.</u>, <u>Emerson Elec. Co. v. Crawford & Co.</u>, 963 S.W.2d 268 (Mo. App. 1997), <u>Porter v. Crawford & Co.</u>, 611 S.W.2d 265 (Mo. App. 1980). Although these cases are limited to third-party or independent agents and no Missouri case has addressed the liability of employees of insurers, the rationale for the holdings in these cases is reasonably applicable to employees of insurers under the facts pleaded in Plaintiff's Petition.

5

In light of the above authorities, resolving all ambiguities in the controlling state law in favor of the plaintiff, the Court cannot say that Plaintiff has failed to state colorable claims against Houghland and Bridges. There is a reasonable basis in Missouri law for concluding that Missouri courts may recognize personally liability for claims based on bad faith, negligence or fraud against Houghland, as American Family's claims manager, and Bridges, as American Family's claims adjuster. Defendant has failed to cite Missouri law specifically disallowing all the claims involved in this action. While no Missouri case specifically addresses the individual liability of employees of insurers, there are other authorities that reasonably suggest that Missouri may recognize a cause of action under the circumstances pleaded in the petition. Under Filla, the better practice is for the Court to remand the case leaving the question of state law for the state courts to decide. 336 F.3d at 811. Accordingly, removal jurisdiction does not exist and the Court hereby ORDERS that:

1) Plaintiff's Motion to Remand (Doc. 8) is GRANTED and this action is remanded to the Circuit Court of Jackson County;

2) Defendants Houghland and Bridges' Motion to Dismiss For Failure to State a Claim (Doc. 4) is DENIED as moot;

3) Defendant American Family's Motion to Dismiss Count VII (Doc. 5) is DENIED as moot.

4) Defendants' motion for leave to file Supplemental Suggestions (Doc. 19) is GRANTED.

Date: August 28, 2006 /s/ DEAN WHIPPLE
Dean Whipple
United States District Court

6

Case 4:06-cv-00408-DW   Document 21   Filed 08/28/06   Page 6 of 6